Steve A. Miller (SBN 171815)
Steve A. Miller, P.C.
1626 Larimer St., Ste. 2905
Denver, CO  80202
Ph. 303.892.9933
Fax 303.892.8925
Email: sampc01@gmail.com
Attorney for:
WTI, a Colorado General Partnership

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| Matthew Scarlett, individually and Derivatively on behalf of Alcohol By Volume, Inc.<br><br>Plaintiff,<br><br>vs.<br><br>Jonathan White, Cult of 8, Inc., and Gregory Ahn,<br><br>Defendants. | Case No: 5:17cv-01430-EJD<br><br>**MOTION TO INTERVENE** |

Pursuant to F.R.C.P. 24, WTI, a Colorado General Partnership, moves to intervene in this action as it claims an interest relating to the property or transaction that is the subject of this action, and is so situated that disposing of the action may as a practical matter impair or impede WTI's ability to protect its interest, as further

1

outlined in the attached Intervenor Complaint.  Accordingly, WTI moves that this Court accept for filing the attached Intervenor Complaint and prohibits the removal of any funds filed with the registry of this Court until the attached Intervenor Complaint has been adjudicated.

DATED:  November 1, 2017

                                        STEVE A. MILLER, P.C.

                                        *Steve A. Miller*
                                        Steve A. Miller (SBN 171815)


## CERTIFICATE OF SERVICE

    I hereby certify that on this 1st day of November 2017, I filed and served upon all parties via this Courts ECF system a true and correct version of the foregoing Motion to Intervene.


                                        *Steve A. Miller*
                                        Steve A. Miller

Steve A. Miller (SBN 171815)
Steve A. Miller, P.C.
1626 Larimer St., Ste. 2905
Denver, CO  80202
Ph. 303.892.9933
Fax 303.892.8925
Email: sampc01@gmail.com
Attorney for: WTI, a Colorado General Partnership

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| Matthew Scarlett, individually and Derivatively on behalf of Alcohol By Volume, Inc.<br><br>Plaintiff,<br><br>vs.<br><br>Jonathan White, Cult of 8, Inc., and Gregory Ahn,<br><br>Defendants. | Case No: 5:17cv-01430-EJD<br><br>**INTERVENOR COMPLAINT** |
| WTI, a Colorado General Partnership,<br><br>Intervenor - Plaintiff,<br><br>vs.<br><br>Gregory Ahn, Cult of 8, Inc.,<br><br>Intervenor - Defendants. | |

1

## PARTIES

1. Intervenor - Plaintiff WTI is a Colorado general partnership whose partners, including its managing general partner Steven Signer, are citizens of Colorado.

2. Intervenor - Defendant Gregory Ahn is a California citizen.

3. Intervenor - Defendant Cult of 8, Inc. is a California corporation with its principal place of business in Monterey County, California.

## JURISDICTION

4. This Court has jurisdiction over this intervening action pursuant to 28 U.S.C. 1332(a)(1) as this matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

## FACTS

5. Beginning in 2010, Gregory Ahn arranged with Steven Signer, on behalf of WTI, to have WTI invest what was eventually over $600,000 in an enterprise between Ahn and WTI for the purchase and sale of wine.

6. The agreed ownership in this wine enterprise was 60% Ahn and 40% WTI.

2

7.  The verified complaint pending against Ahn in this Court in Case No. 5:17-cv-01430-EJD by Ahn associate Matthew Scarlett explains that in 2010 Ahn formed Cult of 8 with family loans and an investment from WTI based in Boulder, Colorado.  Verified Complaint, para. 14. The verified complaint explains that WTI provided early seed money to get Cult of 8 off the ground.  Verified Complaint, para. 28.  The verified complaint explains that Cult of 8's operations, beginning in 2011, involved purchasing finished goods wine from treasury wine estates and selling the wine in a limited number of states through distributors.  Verified Complaint, para. 15.

8.  The Scarlett verified complaint further explains that Cult of 8 started selling a brand of wine called Alias in 2011, Verified Complaint, para. 14, and that in 2014 Ahn agreed that Cult of 8 would pay royalties to WTI on sales of the Alias brand of wine.  Verified Complaint, para. 29.

9.  Ahn's email to Steven Signer on February 23, 2012, copy attached, admits that WTI was to become an equity partner in Cult of 8.  Ahn's email of October 9, 2015 to Ahn associates Jonathan White and Matthew Scarlett, copy attached, admits that WTI raised over $600,000 over time and asserts that WTI is owed a royalty of $3.00

3

per case for three years from the sale of Alias wine plus WTI has 10% equity in the Alias brand.

10. WTI has learned of the pending civil actions in this Court involving disputes between Ahn, White and Scarlett, Case No. 5:16-cv-05437-EJD and Case No. 5:17-cv-01430-EJD.  WTI has further learned that on October 10, 2017, a Joint Stipulation and Order was entered in both actions, Case No. 5:16-cv-05437-EJD (Doc 102) and Case No. 5:17-cv-01430-EJD (Doc 76).

11. The Joint Stipulation and Order recite that in April 2017, a closing occurred on the sale of one of the wine brands to an unrelated party, and that because of disputes about the proper allocation of proceeds from the sale transaction, the parties to the actions pending in this Court, along with another unaffiliated entity, have agreed to arbitrate several issues relating to the proper distribution of the proceeds from the sale of the brand.  The arbitration hearing is scheduled for March 19-30, 2018 before JAMS in San Francisco in *Fior di Sole, LLC v. Scarlett, Matthew, et al.*, JAMS Reference No. 1100087495.

12. WTI believes that Alias is the wine brand sold by Ahn in April 2017 and that the buyer has paid the sale proceeds into the registry of this Court pending resolution of the disputes before this Court and JAMS.

4

13. In order to protect WTI's legal rights resulting from the sale of Alias or other Ahn / Cult of 8 wine brands, WTI files this action against Ahn and Cult of 8, seeks to intervene in the two actions pending in this Court involving Ahn and Cult of 8, seeks an order from this Court allowing WTI to intervene in the pending JAMS arbitration, and seeks its share of the proceeds, if any, filed with the registry of this Court.

## **<u>DECLARATORY JUDGMENT</u>**

14. Pursuant to 28 U.S.C. 2201, WTI seeks this Court's declaration and adjudication of WTI's rights and ownership as between WTI, Ahn and Cult of 8 in and to the sale of Alias and other wine brands and in and to the funds, if any, being held in the registry of this Court from the sale of Alias or other wine brands.

15. Given the pending JAMS arbitration proceeding agreed upon by the parties in connection with the actions pending in this Court, WTI also seeks this Court's order allowing WTI to intervene and participate in the pending JAMS arbitration proceeding.

DATED: November 1, 2017

STEVE A. MILLER, P.C.

*Steve A. Miller*
Steve A. Miller (SBN 171815)

5

**From:** Gregory Ahn <g@cult-of-8.com>
**Date:** February 3, 2012 at 10:41:01 AM MST
**To:** Steven Signer <signersteven@gmail.com>
**Cc:** Robert <niemeyerrobert@yahoo.com>
**Subject: Re: Structure**

Thanks Steve.   I will look forward to getting Russ' memo.

Although not formalized, Matt and Jonathan will also be share holders in Cult of 8 (or members if we go to an LLC structure)
I've informed them that you guys will become equity partners with the new fundraising.

I'm in New Orleans but I am available all day.

**From:** Gregory Ahn <greg@alcbyvol.com>
**Date:** Friday, October 9, 2015 at 11:53 AM
**To:** Jonathan White <jonathan@alcbyvol.com>, Matt Scarlett <matt@alcbyvol.com>
**Subject:** WTI Loan vs Royalty


Guys -

Wanted to be on the same page regarding WTI agreement, so that there is no confusion.

In total, WTI raised $628,500 over time and in pieces with the last injection of $20,000 being April 2013.
As of April 2015, $418,023 has been distributed back to WTI.
There was no interest rate or written agreements between Cult of 8 and WTI.  This obviously caused some confusion as to what was a loan and what was equity.

What we agreed to at the beginning of the year was to convert to a royalty structure and eliminate the debt off our books.
So what we pay is $3.00 royalty per case for 3 years (estimated $750,000), plus 10% equity in the Alias brand for WTI
The length of time may be renegotiated as we are not on track to hit our projected sales targets this year, thus the royalty is much lower than estimated when we made the agreement.

The $750,000 estimate is not a loan.  There is no loan agreement or promissory note.

I have attached the Year to date shipments of Alias with the Q3 shipments at the bottom.
Samples, returns, free goods, etc are noted and not in the calculation.

We have shipped 30,691 cases YTD after those are subtracted.
The total cases shipped in Q3 was 9349.

This brings the total Q3 Royalty at $3 per case to $28,047.00


Let me know if you have comments or questions.

Greg