UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREGORY AHN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>MATTHEW D. SCARLETT, et al.,<br><br>    Defendants. | Case No. 5:16-cv-05437-EJD<br><br>**ORDER DENYING WTI'S MOTION TO INTERVENE**<br><br>Re: Dkt. No. 115 |
| MATTHEW SCARLETT,<br><br>    Plaintiff,<br><br>v.<br><br>JONATHAN WHITE, et al.,<br>    Defendants. | Case No. 5:17-cv-01430-EJD<br><br>Re: Dkt. No. 80 |

WTI, a Colorado general partnership, moves the Court to intervene in the above-captioned related actions. Motion ("Mot."), Case No. 16-5437, Dkt. No. 115.[1] Cult of 8, Inc. ("CO8") opposes. Opposition ("Opp'n"), Case No. 16-5437, Dkt. No. 122.[2] For the reasons discussed below, WTI's motion is DENIED.

**I.  BACKGROUND**

These related actions involves three former business associates, Matthew Scarlett, Jonathan

---

[1] An identical motion has been filed in Case No. 17-1430 at Dkt. No. 80. The Court will refer to the motions collectively as "Motion" or "Mot."

[2] An identical opposition has been filed in Case No. 17-1430 at Dkt. No. 84. The Court will refer to the oppositions collectively as "Opposition" or "Opp'n."

Case No.: 5:16-cv-05437-EJD
ORDER DENYING WTI's MOTION TO INTERVENE
1

White, and Gregory Ahn, and their two companies, Cult of 8, Inc. ("CO8") and Alcohol by Volume, Inc. ("ABV"), which were created to sell and distribute wine. Case No. 17-1430, Complaint ("Compl."), Dkt. No. 1; Case No. 16-5437, First Amended Compl. ("FAC"), Dkt. No. 18. According to the parties' allegations, Ahn founded CO8 in 2010 with family loans and an initial investment from WTI. Compl. ¶ 14. Scarlett and White then decided to go into business with Ahn and incorporated ABV in 2012. Compl. ¶ 17; FAC ¶ 11. The parties allegedly entered into an oral "Equal Interest Agreement" where they would all be co-owners of the entire enterprise, including CO8 and ABV. Compl. ¶ 22; FAC ¶¶ 10, 46. However, their relationship deteriorated, and, in 2015, Ahn and White terminated Scarlett's employment with CO8. Compl. ¶ 39; FAC ¶ 25.

In August 2016, Scarlett initiated Case No. 17-1430 against White, Ahn, and CO8, alleging seventeen different causes of actions, including claims in contract and tort and claims for declaratory relief relating to the parties' ownership interests. Compl. The following November, Ahn, White, and CO8 initiated Case No. 16-5437 against Scarlett and ABV, alleging breach of fiduciary duty, breach of oral contract, fraud in the inducement, and seeking declaratory relief regarding the parties' respective interests in CO8 and ABV. Dkt. No. 18. In April 2017, the parties initiated arbitration proceedings with JAMS[3] to resolve certain issues, including the ownership of CO8 and ABV. Dkt. No. 65 ¶ D; Opp'n 2.

In November 2017, WTI filed the instant motion to intervene. Mot. According to the allegations in WTI's intervenor complaint, Ahn entered into an arrangement with Steven Signer, the managing general partner of WTI, where WTI would invest over $600,000 in CO8 in exchange for a 40% ownership interest. Intervenor Compl. ("IC"), Case No. 16-5437, Dkt. No. 115, at ¶¶ 5-6.[4] This arrangement was never formalized, and Ahn later disputed that WTI had any equity interest. Compl. ¶ 29; IC ¶ 8. Instead, in 2014 or 2015, Ahn allegedly entered into an

---

[3] *Fior di Sole, LLC v. Scarlett, Matthew, et al.*, JAMS Reference No. 1100087495.
[4] An identical intervenor complaint has been filed in Case No. 17-1430 at Dkt. No. 80. The Court will refer to the intervenor complaints collectively as "Intervenor Complaint" or "IC."

Case No.: 5:16-cv-05437-EJD
ORDER DENYING WTI's MOTION TO INTERVENE
2

1   agreement with WTI where CO8 would pay WTI a $3.00 royalty per case for three years, plus
2   10% equity in CO8's Alias brand of wine. IC ¶ 9. In its Intervenor Complaint, WTI seeks a
3   "declaration and adjudication of WTI's rights and ownership between WTI, Ahn and [CO8],"
4   including with reference to the Alias brand. *Id*. ¶ 14. It also seeks to intervene in the pending
5   arbitration. *Id*. ¶ 15.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 24 provides for two types of intervention—intervention as of right and permissive intervention. Under Rule 24(a), a prospective intervenor may intervene in litigation as of right when a federal statute confers an unconditional right, or when the prospective intervenor claims that his interest may, as a practical matter, be impaired by disposition of the pending action and that interest is not adequately represented by existing parties. Fed. R. Civ. P. 24(a). The Ninth Circuit has held that to intervene as of right, a prospective intervenor must: (1) file a timely motion; (2) identify a significant protectable interest relating to the property that is the subject matter of the action; (3) suffer practical impairment of an interest if intervention is not granted; and (4) be inadequately represented by existing parties. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003). Failure to satisfy any of these requirements is fatal to a motion to intervene. *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir.2 009). If all four requirements are satisfied, a district court must grant the motion to intervene. *United States v. State of Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996).

Under Rule 24(b), the second type of intervention is permissive intervention. Fed. R. Civ. P. 24(b). The Ninth Circuit has held that a court may grant permissive intervention when the prospective intervenor files a timely application, shares a common question of law or fact with the main action, and the court has an independent basis for jurisdiction over intervenor's claims. *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). Unlike intervention as of right, even if all three requirements are satisfied, the district court has discretion to deny permissive intervention. *Id*.

Further, Rule 24(c) provides that a motion to intervene must "state the grounds for

Case No.: 5:16-cv-05437-EJD
ORDER DENYING WTI's MOTION TO INTERVENE
3

intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c).

## III. DISCUSSION

WTI's motion does not specifically identify which type of intervention it seeks, but states that "[p]ursuant to F.R.C.P. 24, [it] moves to intervene in this action as it claims an interest relating to the property or transaction that is the subject of this action, and is so situated that disposing of the action may as a practical matter impair or impede WTI's ability to protect its interest . . . ." Mot. 1-2. Because this parrots the language of Rule 24(a) for intervention as of right, the Court construes WTI's motion as such.

Before turning to the merits, the Court notes that WTI's motion does not conform to the requirements of this District's Civil Local Rules. WTI states that it "moves to intervene" but does not provide a memorandum of supporting points and authorities. Civil L.R. 7-2(b), 7-4. WTI also does not provide a proposed order. Civil L.R. 7-2(c). Other courts in this District have denied relief when faced with similar deficiencies. *See, e.g.*, *Freeman v. Alta Bates Summit Med. Ctr. Campus, et al.*, No. C 04-2019 SBA, 2004 WL 2326369, at *7 (N.D. Cal. Oct. 12, 2004) (denying motion to dismiss without prejudice when party failed to comply with Civil L.R. 7-4).

However, even if the Court were to look past WTI's procedural deficiencies and its entire submission as a motion to intervene, WTI's motion fails on the merits. First, WTI's motion is not timely. WTI waited nearly fifteen months to intervene from the time that the first of these related actions was filed. Since then, motions to dismiss have been decided, pleadings have been amended, and arbitration proceedings have been initiated. *See, e.g.*, Case No. 16-5437, Dkt. Nos. 18, 53; Case No. 17-1430, Dkt. No. 34. Even though WTI claims that it "has been kept in the dark" by Ahn, *see* Reply, Case No. 16-5437, Dkt. No. 124, at 2,[5] the filing of these actions in 2016 was public record and WTI could have intervened at any point since. Accordingly, WTI has failed to meet this "threshold requirement" for intervention and denial is warranted. *League of United*

---

[5] An identical reply has been filed in Case No. 17-1430 at Dkt. No. 86. The Court will refer to the replies collectively as "Reply."

Case No.: 5:16-cv-05437-EJD
ORDER DENYING WTI's MOTION TO INTERVENE
4

*Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) ("[I]f we find that the motion to intervene was not timely, we need not reach any of the remaining elements.") (internal citation and quotation marks omitted).

Second, WTI has not shown that it stands to "suffer practical impairment of an interest if intervention is not granted." Fed. R. Civ. P. 24(a). In its motion, WTI appears to identify two alleged "interests" which it fears are at risk: an alleged 40% ownership interest in CO8 and an alleged 10% ownership interest in the Alias wine brand. *See* IC ¶¶ 6, 8, 9, 14; Reply 4. WTI need not be a party to the current lawsuits to protect these alleged interests. The parties in these suits seek adjudication of a variety of contract and tort claims, as well as a declaration of ownership interests as between them. If, indeed, WTI determines that litigation is necessary to defend its own alleged ownership interests or recover money it believes it is owed as a result of these interests, it can do so by bringing a separate suit. Accordingly, WTI's motion fails on this basis as well.

Finally, the Court notes that the other relief that WTI seeks—the ability to intervene in the currently pending arbitration—is not something the Court can grant. The JAMS Arbitration Rules leave it to the arbitrator to determine whether a third party can participate in a pending arbitration. *See* JAMS Comprehensive Arbitration Rules and Procedures,[6] Rule 6(f) ("Where a third party seeks to participate in an Arbitration already pending . . . the Arbitrator shall determine such request . . . ."). Accordingly, this request from WTI also fails.

## IV. CONCLUSION

For the foregoing reasons, WTI's motion to intervene is DENIED.

**IT IS SO ORDERED.**

Dated: March 1, 2018

EDWARD J. DAVILA
United States District Judge

---

[6] The current version of the JAMS Comprehensive Arbitration Rules and Procedures, effective July 1, 2014, is available at https://www.jamsadr.com/rules-comprehensive-arbitration.

Case No.: 5:16-cv-05437-EJD
ORDER DENYING WTI's MOTION TO INTERVENE
5